UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARMEN RIVERA, as Personal Representative of the Estate of Charlie Torres, deceased, for and on behalf of the Estate and the survivors thereof,

Plaintiff,

vs. Case No. 2:08-cv-195-FtM-29SPC

BRIAN M. COHEN, individually, and in his official capacity as Collier county Sheriff Deputy; COLLIER COUNTY SHERIFF'S OFFICE; DON HUNTER, individually, and in his official capacity as Collier County Sheriff; and COLLIER COUNTY,

Defendants.
___________________________________

**OPINION AND ORDER**

This matter comes before the Court on the following motions: defendant Don Hunter's Motion to Dismiss Complaint (Count IX) (Doc. #39), defendant Collier County Sheriff's Office's Motion to Dismiss Complaint (Counts IV and V) (Doc. #40), Defendant Brian M. Cohen's Motion to Dismiss Complaint (Count III) (Doc. #41), and Defendant Collier County's Motion to Dismiss Complaint (Count VII) (Doc. #52). Plaintiff Carmen Rivera, as Personal Representative of the Estate of Charlie Torres and the Estate's survivors, filed responses to the motions of defendants Cohen, Hunter, and Collier County (Docs. ## 55, 56, 62). Plaintiff has not filed a response to the motion of defendant Collier County Sheriff's Office, and the time to do so has expired.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 127 S. Ct. 2197 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**II.**

On March 7, 2008, plaintiff Rivera, as personal representative of the Estate of Charlie Torres and the Estate's survivors, filed a nine-count Complaint pursuant to 42 U.S.C. § 1983, FLA. STAT. § 768.28 (2006), and Florida common law (Doc. #1) against: Deputy Brian M. Cohen (individually and in his official capacity as Collier County Sheriff Deputy), the Collier County Sheriff's Office, Don Hunter (individually and in his official capacity as Collier County Sheriff), and Collier County.  The Complaint alleges that on or about March 18, 2006, at approximately 2:50 a.m., Charlie Torres (the decedent) was driving a black Ford Explorer which he had borrowed from an acquaintance, Wanda Santiago.  (Id. at ¶ 11.)  A woman named Jessica Cartegena was sitting in the front passenger seat.  (Id. at ¶ 18.)  The Complaint is silent as to the circumstances that directly preceded and initiated what became a pursuit of Torres by deputies of the Collier County Sheriff's Office.  It states, however, that as Torres drove, Sheriff's Office deputies (including deputy Brian M. Cohen) began to pursue Torres' vehicle, and that deputy Cohen ultimately became the primary pursuing officer.  (Id. at ¶¶ 12, 13.)  The pursuit continued for an unspecified period of time and ended when Torres reached the west end of West Main Street in Immokalee, Florida, drove onto an adjoining field, and brought his vehicle to a stop.  (Id. at ¶ 14.) Deputy Cohen followed Torres onto the field, exited his patrol

vehicle and fired thirteen (13) shots into Torres' vehicle, four (4) of which struck Torres. (Id. at ¶¶ 15-17.) Torres died at the scene of the incident. (Id. at ¶ 17.)

According to plaintiff, at the time Torres was shot by deputy Cohen, he did not constitute a danger or threat to anyone and had not committed any violent acts. (Id. at ¶¶ 20, 21.) Plaintiff also claims that at the time of the shooting, deputy Cohen was attempting to arrest Torres for a non-violent crime, had no information that Torres had any prior history of violent behavior, and was neither advised nor personally visualized whether Torres was armed. (Id. at ¶¶ 19, 21.)

Plaintiff asserts the following claims in her Complaint: Count I alleges a battery claim against defendant Brian M. Cohen ("Cohen"); Count II alleges a 42 U.S.C. § 1983 claim against defendant Cohen; Count III alleges a negligence claim against defendant Cohen; Count IV alleges a 42 U.S.C. § 1983 claim against defendant Collier County Sheriff's Office (the "Sheriff's Office"); Count V alleges a negligence claim against the Sheriff's Office; Count VI alleges a 42 U.S.C. § 1983 claim against defendant Collier County (the "County"); Count VII alleges a negligence claim against the County; Count VIII alleges a 42 U.S.C. § 1983 claim against defendant Don Hunter ("Hunter"), as Collier County Sheriff; and Count IX alleges a negligence claim against Hunter, as Collier County Sheriff. Additional facts are set forth below as needed.

**III.**

In separate motions to dismiss, defendants Cohen (Doc. #41), Hunter (Doc. #39) and Collier County (Doc. #52) assert that Counts III, IX and VII, respectively (the negligence claims), should be dismissed against them because plaintiff has failed to state a claim upon which relief may be granted. Specifically, defendants argue that in those counts, plaintiff has asserted a claim of "negligent use of force or excessive force" against each of them. (Docs. ##39, pp. 2-3; 41, pp. 2-3; 52, pp. 2-3.) Citing City of Miami v. Sanders, 672 So. 2d 46 (Fla. 3d DCA 1996) and Neal v. City of Brandenton, 8:05-cv-790, 2006 WL 1804585 (M.D. Fla. June 27, 2006), defendants assert that Florida courts do not recognize the tort of negligent use of excessive force as a legally cognizable cause of action.

Plaintiff, in her responses to the motions to dismiss (Docs. ## 55, 56, 62, respectively), argues that while the tort of negligent use of excessive force is not recognized by Florida courts, several Florida state court opinions and at least one Eleventh Circuit opinion do recognize "that a separate negligence claim based upon a distinct act of negligence may be brought . . . in conjunction with a claim for excessive use of force." See Sanders, 672 So. 2d at 48.[1] See also Ansley v. Heinrich, 925 F.2d

[1] "[A] separate negligence claim based upon a distinct act of negligence may be brought . . . in conjunction with a claim for (continued...)

1339 (11th Cir. 1991); Mazzilli v. Doud, 485 So. 2d 477 (Fla. 3d DCA 1986); Jennings v. City of Winter Park, 250 So. 2d 900 (Fla. 4th DCA 1971). Here, plaintiff claims that it was her intent in the Complaint to "state a claim for negligence based upon a distinct act of negligence on the part of the officer, Brian M. Cohen, namely a claim of negligence based upon the officer's negligent failure to adequately investigate the situation at hand before ultimately using excessive force."[2] (Doc. #55, p. 2.)

Pursuant to Fed. R. Civ. P. 15(a)(2), a party may amend its pleading with leave from the court, such leave to be freely given when justice so requires. As the failure of defendants to adequately investigate the situation at hand may constitute a separate and distinct basis upon which a negligence claim may be founded, and as the language of the Complaint is not currently sufficient as to this issue, the Court will grant the motions but give plaintiff the opportunity to amend her Complaint to more clearly state her negligence claims under Counts III, VII and IX.

---

[1](...continued)
excessive use of force. . . . Nevertheless, the negligence component must pertain to something other than the actual application of force during the course of the arrest. It cannot serve as the exclusive basis for liability in an excessive force claim."

[2]Plaintiff's responses to the motions to dismiss filed by defendants Hunter and Collier County provide similar language to convey that plaintiff intended to allege independent claims of negligence based upon distinct acts separate from the claim of excessive use of force. (Docs. ## 56, p. 2; 62, p. 2.)

**IV.**

Defendant Cohen further asserts, in his motion to dismiss, that Count III of the Complaint should also be dismissed because he is statutorily immune from liability, under FLA. STAT. § 768.28 (2006). (Doc. #41, pp. 3-5.)  Section 768.28(9)(a) provides, in relevant part, as follows:

> The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

FLA. STAT. § 768.28(9)(a) (2006).  Defendant Cohen argues that, because plaintiff failed to allege in Count III that he acted "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property," she is precluded from bringing a state tort claim against him. (Doc. #41, p. 4.)  Plaintiff concedes that a specific allegation of bad faith is not contained within Count III, but counters that she did provide such allegations elsewhere in the Complaint, in Count I (the battery claim); in the alternative, plaintiff requests leave to amend her Complaint to incorporate the bad faith allegations from Count I into Count III as well.  (Doc. #55, p. 4.)

In Summer v. Land & Leisure, Inc., 664 F.2d 965, 969 n.1 (5th Cir. 1981),[3] the Fifth Circuit acknowledged that a particular allegation articulated in one count of a complaint could be considered to sustain another count within that same complaint:

> The allegations of concealment are not contained within each and every count of the complaint; however, the allegations are contained at various points in the complaint. We believe it would be contrary to the liberal reading which we must give to a complaint upon motion to dismiss to consider the allegations of concealment only as to those counts in which the allegations are set forth. Having made such allegations with respect to some counts, and there being a reasonable inference that the allegations would likewise apply to the other counts, we surely cannot conclude that it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief.

However, since an Amended Complaint is to be filed, defendant Cohen's motion to dismiss is granted as to his assertion of statutory immunity and plaintiff is granted leave to amend.

**V.**

Finally, in its motion to dismiss (Doc. #40) defendant Collier County Sheriff's Office requests that Counts IV and V be dismissed for failure to state a claim upon which relief may be granted. The Sheriff's Office asserts that no cause of action may be maintained against it because "[t]here is no such legal entity as the Collier County Sheriff's Office liable at law for any action taken by the

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Sheriff, either in his individual or official capacity, or such deputies as may be employed by him," and that "[t]o the extent that a governmental entity is liable for the conduct as alleged, such suit is properly brought as against the named office holder, in his official capacity." (Doc. #40, pp. 2-3.)  Plaintiff has not filed a response to this motion, and the time to do so has expired.

"[P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Williams v. Miami-Dade Police Dep't, No. 08-10800, 2008 WL 4726101, at *3 (11th Cir. October 29, 2008) (quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (internal citations and quotations omitted)).  Under Florida law, police departments are not legal entities amenable to suit. See, e.g., Williams, 2008 WL 4726101, at *3 (citing Masson v. Miami-Dade County, 738 So. 2d 431, 432 (Fla. 3d DCA 1999)); Florida City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d DCA 1995).  Thus, as defendant Collier County Sheriff's Office does not have the capacity to be sued under Florida law, its motion to dismiss shall be granted and it will be dismissed from the case.

Accordingly, it is now

**ORDERED:**

1. Defendant Don Hunter's Motion to Dismiss Complaint (Count IX) (Doc. #39) is **GRANTED.** Count IX is **dismissed** without prejudice and plaintiff shall be granted leave to file an Amended Complaint.

2. Defendant Collier County Sheriff's Office's Motion to Dismiss Complaint (Counts IV and V) (Doc. #40) is **GRANTED.** Defendant Collier County Sheriff's Office shall be **dismissed** from the case.

3. Defendant Brian M. Cohen's Motion to Dismiss Complaint (Count III) (Doc. #41) is **GRANTED.** Count III is **dismissed** without prejudice and plaintiff shall be granted leave to file an Amended Complaint.

4. Defendant Collier County's Motion to Dismiss Complaint (Count VII) (Doc. #52) is **GRANTED.** Count VII is **dismissed** without prejudice and plaintiff shall be granted leave to file an Amended Complaint.

5. Plaintiff shall have leave to file an Amended Complaint within **TWENTY (20) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this 22nd day of December, 2008.

John E. Steele

**JOHN E. STEELE**
**United States District Judge**

Copies:
Counsel of record