```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

CARMEN RIVERA, as Personal
Representative of the Estate of
Charlie Torres, deceased, for and on
behalf of the Estate and the
survivors thereof,

                Plaintiff,

vs.                      Case No. 2:08-cv-195-FtM-29SPC

BRIAN M. COHEN, individually, and in
his official capacity as Collier
County Sheriff Deputy; KEVIN
RAMBOSK, individually, and in his
official capacity as Collier County
Sheriff; and COLLIER COUNTY,

                Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court on defendant Brian M. Cohen's Motion to Dismiss Amended Complaint (Count III) and Memorandum of Law (Doc. #72), filed on February 25, 2009, and defendant Kevin Rambosk's Motion to Dismiss Amended Complaint (Count VII) and Memorandum of Law (Doc. #73), filed on March 3, 2009.  Plaintiff Carmen Rivera, as Personal Representative of the Estate of Charlie Torres and the Estate's Survivors, filed responses to the motions (Docs. ## 80, 82).

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  <u>Erickson v. Pardus</u>, 551

U.S. 89 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is warranted under FED. R. CIV. P. 12(b)(6) if, assuming the truth of the factual allegations of plaintiff's complaint, there is a dispositive legal issue which precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Brown v. Crawford County, 960 F.2d 1002, 1009-10 (11th Cir. 1992).

**II.**

Plaintiff filed a seven-count First Amended Complaint (Doc. #66) (the Amended Complaint) against Brian M. Cohen, individually

and in his official capacity[1] as a Collier County Deputy Sheriff (Deputy Cohen) and Kevin Rambosk,[2] individually[3] and in his official capacity as Collier County Sheriff (Sheriff Rambosk).  The Amended Complaint alleges that on or about March 8, 2006, at approximately 2:50 a.m., Charlie Torres (the decedent) was driving a black Ford Explorer which he had borrowed from an acquaintance, Wanda Santiago.  (Doc. #66, ¶10.)  A woman named Jessica Cartegena was sitting in the front passenger seat.  (Id. at ¶17.)  For reasons not set forth in the Amended Complaint, Sheriff's Office deputies (including Deputy Cohen) began to pursue Torres' vehicle, and Deputy Cohen ultimately became the primary pursuing officer.  (Id. at ¶¶ 11, 12.)  The pursuit continued for an unspecified period of time, until Torres reached the west end of West Main Street in Immokalee, Florida, drove onto an adjoining field, and brought his vehicle to a stop.  (Id. at ¶14.)  Deputy Cohen followed Torres

---

[1] While the issue is not currently before the Court, there seems to be no basis to allow any count to proceed as to defendant Cohen in his official capacity, since the Sheriff of Collier County is a named defendant in his official capacity.  Stephens v. Geoghegan, 702 So. 2d 517, 527 (Fla. 2d DCA 1997); De Armas v. Ross, 680 So. 2d 1130, 1131-32 (Fla. 3d DCA 1996).

[2] Pursuant to the magistrate judge's Order (Doc. #68) entered on February 12, 2009 and FED. R. CIV. P. 25(d), defendant Don Hunter (former Sheriff of Collier County) was substituted in the case with Kevin Rambosk (current Sheriff of Collier County).  "A sheriff may be sued in his official capacity for an act of an employee of his predecessor."  Ruff v. Wells, 504 So. 2d 16 (Fla. 2d DCA 1987).

[3] Again, while the issue is not currently before the Court, there are no allegations sufficient to allow any count to proceed as to the current Sheriff in his individual capacity since he was not personally involved in the events.

onto the field, exited his patrol vehicle, and under circumstances not set forth in the Amended Complaint fired thirteen (13) shots into Torres' vehicle, four (4) of which struck Torres. (Id. at ¶¶ 15-16.) Torres died at the scene of the shooting. (Id. at ¶16.)

According to the Amended Complaint, Torres did not constitute a threat to Deputy Cohen's physical safety, did not pose a danger or threat to anyone, and had not committed any violent acts. (Id. at ¶¶ 19-20.) Plaintiff claims that at the time of the shooting, Deputy Cohen was attempting to arrest Torres for a non-violent crime, had no information that Torres had any prior history of violent behavior, and was neither advised nor personally saw whether Torres was armed. (Id. at ¶¶ 18, 20.) Plaintiff asserts that Deputy Cohen subjected Torres to unnecessary, excessive and unreasonable deadly use of force, to the extent that Torres ultimately died as a result of the gunshot wounds inflicted by Deputy Cohen. (Id. at ¶21.)

Plaintiff asserts the following claims in her Amended Complaint: Count I alleges a battery claim against Deputy Cohen; Count II alleges a 42 U.S.C. § 1983 claim for excessive force against Deputy Cohen; Count III alleges a negligence claim against Deputy Cohen; Count VI[4] alleges a 42 U.S.C. § 1983 claim of

---

[4]Counts IV and V against Collier County were voluntarily dismissed (Doc. #86) on April 22, 2009, pursuant to a Stipulation of Voluntary Dismissal As To Defendant, Collier County, Only (Doc. #85).

excessive force against Sheriff Rambosk; and Count VII alleges a negligence claim Sheriff Rambosk.

### III.

**A. Count III, Negligence by Deputy Cohen**

The Court noted in its prior Opinion and Order (Doc. #64) that while a tort characterized as "negligent use of excessive force" is not recognized by Florida courts, a separate state law negligence claim based upon a distinct act of negligence may be brought in the alternative to, or in conjunction with, a claim for excessive use of force. See, e.g., City of Miami v. Sanders, 672 So. 2d 46, 48 (Fla. 3d DCA 1996) ("[A] separate negligence claim based upon a distinct act of negligence may be brought . . . in conjunction with a claim for excessive use of force. . . . [T]he negligence component must pertain to something other than the actual application of force during the course of the arrest.  It cannot serve as the exclusive basis for liability in an excessive force claim.")  See also Lewis v. City of W. Palm Beach, 561 F.3d 1288, 1294 (11th Cir. 2009) ("it is inapposite to allege the negligent commission of an intentional tort, such as the use of excessive force."); Ansley v. Heinrich, 925 F.2d 1339 (11th Cir. 1991); Mazzilli v. Doud, 485 So. 2d 477 (Fla. 3d DCA 1986); Jennings v. City of Winter Park, 250 So. 2d 900 (Fla. 4th DCA 1971); Secondo v. Campbell, 327 Fed. Appx. 126, 131-32 (11th Cir. 2009) (finding negligent use of excessive force is "oxymoron," and that force

required to handcuff an individual and place him into patrol car was not sufficiently "separate and distinct from" force used in effecting arrest to support a negligence claim). The Court dismissed the original Complaint, but allowed plaintiff the opportunity to file an amended complaint.

Counts III of the Amended Complaint attempts to set forth a negligence claim satisfying the legal requirements noted above. Defendant Cohen asserts that the attempt has failed because Count III does not state a negligence claim upon which relief may be granted. Plaintiff responds that she states a "claim for negligence based upon a distinct act of negligence . . . based upon [defendant Cohen's] negligent failure to adequately investigate the situation at hand before ultimately using excessive force," (Doc. #80, ¶5) and states *respondeat superior* liability as to defendant Rambosk because "[a]s the employer of [defendant Cohen] . . . [Sheriff Rambosk] would accordingly be responsible for the negligence of [his] employee" (Doc. #82, ¶5).

To state a cause of action for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach was the legal or proximate cause of actual damages to plaintiff. Wallace v. Dean, 3 So. 3d 1035, 1046-47 (Fla. 2009); Williams v. Davis, 974 So. 2d 1052, 1056 (Fla. 2007). While defendants seek dismissal for failure to state a claim of negligence, their motions tend to conflate the issue of the

existence of a cause of action with the issue of immunity. The Florida Supreme Court has recognized that the analysis of each is conceptually distinct, <u>Wallace</u>, 3 So. 3d at 1044, and if there is no cause of action (because there is no duty of care) the issue of immunity need not be reached. <u>Pollock v. Fla. Dep't of Highway Patrol</u>, 882 So. 2d 928, 932-33 (Fla. 2004).

The first difficulty with the negligence claim in Count III is that it is pled in as oxymoronic a fashion as it was in the original Complaint. The duty alleged is "a duty to adequately and properly investigate the situation leading up to his attempted arrest and use of excessive and deadly force against an unarmed suspect in general and to Charlie Torres in particular, . . ." (Doc. #66, ¶36.) Plaintiff continues to incorporate language alleging the use of "excessive and deadly force" into this count, which detracts from plaintiff's assertion that she is in fact stating a negligence claim "separate and distinct" from her excessive force claim. It is not at all clear that failing to properly investigate a situation before using excessive force is sufficiently separate and distinct, or is simply a component of every excessive force situation. In any event, plaintiff also continues to emphasize the intentional nature of Deputy Cohen's allegedly negligent conduct: "The actions of Defendant, Brian M. Cohen, were intentional, taken in bad faith, with a malicious purpose, and/or in a manner exhibiting a willful, wanton and reckless disregard of decedent, Charlie Torres' human rights,

safety and property." (Doc. #66, ¶38.) Thus, while the focus of the conduct has ostensibly changed, plaintiff still fails to sufficiently delineate a "separate and distinct" claim of negligence and still improperly alleges the negligent commission of an intentional tort, contrary to Lewis, 561 F.3d at 1294 and the other cases cited above.

Additionally, defendant asserts that Count III must fail because defendant owed no duty of care to Mr. Torres. The existence of a duty of care is a legal question for the court to answer before permitting a negligence claim to proceed. Wallace, 3 So. 3d at 1046. As noted, the duty of care alleged here is "a duty to adequately and properly investigate the situation leading up to his attempted arrest and use of excessive and deadly force against an unarmed suspect in general and to Charlie Torres in particular, . . ." (Doc. #66, ¶36.)

An alleged duty to suspects in general is insufficient to support a duty of care to Torres individually, and will not support plaintiff's negligence claims. Trianon Park Condominium Assoc. v. City of Hialeah, 468 So. 2d 912, 919 (Fla. 1985) (Category II conduct); Everton v. Willard, 468 So. 2d 936, 938-39 (Fla. 1985); Wallace, 3 So. 3d at 1047-48. However, "a special tort duty ... arise[s] when law enforcement officers become directly involved in circumstances which place people within a "zone of risk" [1] by creating or permitting dangers to exist, [2] by taking persons into police custody, [3] detaining them, or [4] otherwise subjecting

them to danger." Wallace, 3 So. 3d at 1048. No special duty was created as to Torres under the facts alleged in the Amended Complaint because Torres failed to stop in response to the officers, as he was required to do. Bryant v. Beary, 766 So. 2d 1157, 1159-60 (Fla. 5th DCA 2000).

Accordingly, Count III fails to state a claim upon which relief may be granted. Therefore, defendant's motion will be granted.

**B.  Count VII, Negligence by Sheriff Rambosk**

In Count VII of the Amended Complaint, plaintiff alleges that defendant Rambosk is: (i) vicariously liable for the negligence of defendant Cohen, as set forth in Count III; and (ii) liable for negligence because Rambosk's failure to "properly train, discipline, mentor, or supervise its deputies, including [defendant Cohen], constituted deliberate indifference to the risk created that citizens of Collier County would be subjected to unnecessary dangers at the hands of deputies, including [defendant Cohen]"; specifically, that Rambosk failed "to encourage independent investigations into the failure of its officers to properly and adequately investigate the situation leading up to the attempted arrests of its citizens" and "to discipline deputies for failing to properly and adequately investigate the situation leading up to the attempted arrests of Collier County citizens. . . ." (Doc. #66, ¶¶ 81-95.)

There can be no vicarious liability of the Sheriff as to the conduct alleged in Count III because it is being dismissed.  Based on the authority cited above, there is no duty to the general public which would support a negligence claim against the Sheriff.  No special relationship is alleged between the Sheriff and Torres which would create a duty of care as to Torres individually.  The Court finds that plaintiff's claims in Count VII against defendant Rambosk should be dismissed, both as to vicarious liability predicated upon defendant Cohen's alleged acts, and as to failure to train, discipline, mentor or supervise his deputies.  Therefore, defendant Rambosk's motion to dismiss is granted.

Accordingly, it is now

**ORDERED:**

1. Defendant Brian M. Cohen's Motion to Dismiss Amended Complaint (Count III) (Doc. #72) is **GRANTED**, and Count III of the First Amended Complaint is dismissed with prejudice.

2. Defendant Kevin Rambosk's Motion to Dismiss Amended Complaint (Count VII) (Doc. #73) is **GRANTED**.  Count VII of the First Amended Complaint is dismissed with prejudice.

3. Plaintiff's request to file a third complaint as to these two counts is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of September, 2009.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record